UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC WESLEY WORTHY,

    Applicant,

v.                                                         CASE NO. 8:18-cv-770-T-23AAS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Worthy applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for burglary, for which conviction Worthy is imprisoned for fifteen years as a prison releasee re-offender. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 5) The respondent both admits the application's timeliness (Doc. 4 at 1) and argues that the application lacks merit. (Doc. 7)

## **BACKGROUND**

Worthy pleaded "no contest" to charges of both burglary of an unoccupied dwelling and grand theft. Worthy was sentenced as a prison releasee re-offender on the burglary charge. In subsequent post-conviction proceedings (Respondent's Exhibits 21 and 27), Worthy unsuccessfully challenged the enhanced sentence by contending that his sentence under Florida's Prison Releasee Re-offender Act

("PRRA") violates *Johnson v. United States*, 135 S. Ct. 2551 (2015), which holds that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The only claim that Worthy presents in his current application under Section 2254 is his *Johnson* claim.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" . . . clearly

> established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted). And in that review "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

As stated above, Worthy must prove that the state court's decision was " contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). Worthy contends that *Johnson* should apply to Florida's PRRA. *Johnson* is limited to only the residual clause in the ACCA and is inapplicable to Florida's PRRA. In his reply Worthy recognizes that *Johnson* is inapplicable (Doc. 8 at 7) (italics original):

> [A]lthough it is true that Johnson v. United States itself struck down the residual clause in the federal Armed Career Criminal

- 3 -

> Act (A.C.C.A.) and did not directly rules against anything
> in Florida, <u>Johnson v. United States</u> is a *de facto* precedent,
> because its rational for striking the residual clause in the
> A.C.C.A. as unconstitutional also applies to Florida's P.R.R.
> law for any enumerated offense in the P.R.R. law that is not, in
> fact, by its elements, violent.[*]

*Johnson*, which was decided in 2015, was not controlling precedent when Worthy was convicted and sentenced in 2014. The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412. *See also Pinholster*, 563 U.S. at 182 (recognizing that a federal court is limited to the record that was before the state court). Worthy cites no authority that extends *Johnson* to Florida's PRRA and, as a consequence, the application under Section 2254 lacks merit.

Accordingly, Worthy's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Worthy and close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Worthy is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

---

[*] Worthy contends that burglary is not an inherently violent crime, but whether the crime is inherently violent is irrelevant. Florida's PRRA specifically lists "burglary of a dwelling" as an enumerated offense that qualifies for an enhanced sentence. Fla. Stat. § 775.082(9)(a)(1)(q). Likewise, burglary is included as an enumerated offense that qualifies for an enhanced sentence under the ACCA. *Johnson* found that only the residual clause was unconstitutionally vague and not the enumerated offense clause. "Today's decision does not call into question application of the Act to the four enumerated offenses . . . ." *Johnson*, 135 S. Ct. at 2563. As a consequence, even if applicable to Florida's PRRA, *Johnson* would afford Worthy no relief.

- 4 -

denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Worthy must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate the merits of the claims, Worthy is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Worthy must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 6, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE